UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PURSE SEINE HOLDINGS, LLC, | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : C.A. No. |
| STARKIST, CO., | : |
| | : |
| Defendant. | : |

# COMPLAINT

Plaintiff, Purse Seine Holdings, LLC ("Purse Seine"), brings this action against Defendant, StarKist, Co. ("StarKist" or "Defendant"), for federal trademark infringement and for federal and state unfair competition. By its Complaint, Purse Seine seeks injunctive relief and monetary damages and alleges as follows:

## PARTIES

1. Plaintiff Purse Seine is a Massachusetts limited liability company with its principal place of business in Cambridge, Massachusetts.

2. Upon information and belief, Defendant StarKist is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. StarKist is registered to do business in the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

3. This is an action for infringement of Plaintiff's federally-registered trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, and for related claims of common law unfair competition under Massachusetts law. This Court has jurisdiction

over the Section 43(a) claims pursuant to the provisions of Section 39(a) of the Lanham Act, 15 U.S.C. § 1121. This Court has jurisdiction over the common law claim for unfair competition brought herein under the provisions of 28 U.S.C. § 1338(b) because that claim is joined with a substantial and related claim under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*.

4. This Court has personal jurisdiction over StarKist because it is registered to do business in Massachusetts and does in fact conduct business in Massachusetts.

5. In particular, StarKist offers to sell and sells products bearing the Accused Mark, Bella Portofino, in Massachusetts, including but not limited to, through its association with the supermarket chain Hannaford's. Upon information and belief, StarKist will also soon begin selling products bearing the Accused Mark in Massachusetts through the supermarket chain Big Y.

6. StarKist sells its products through multiple channels, including the Internet and through the website Amazon.com. In addition, upon information and belief, StarKist has sold products to Massachusetts residents over the Internet. Further, as alleged herein, the injury to Purse Seine occurred in Massachusetts and StarKist knew or had reason to know that the brunt of the injury from its intentional trademark infringement has been and continues to be felt in Massachusetts.

7. Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of events giving rise to this action occurred in this District.

# FACTS

**Purse Seine and the BELA® Trademark**

8. Purse Seine imports and distributes fish and fish products, including tuna fish. It sells these products in supermarkets and other retail outlets in Massachusetts and throughout the United States.

9. Since at least 2008, Purse Seine has promoted and sold its fish and fish products in connection with the trademark, BELA®, and stylized versions thereof (the "Bela® Mark").

10. By virtue of Purse Seine's long, continuous, and widespread use, the Bela® Mark have become associated with the fish and fish products offered by Purse Seine in the United States, including canned tuna fish.

11. In addition to its extensive common law rights in the Bela® Mark throughout the United States, and to protect the substantial goodwill associated with its fish and fish products, Purse Seine applied for and obtained four trademark registrations from the United States Patent and Trademark Office (the "PTO") for the Bela® Mark.

12. On May 18, 2010, the PTO granted Purse Seine a federal trademark registration for BELA® (Reg. No. 3,789,448; the "'448 Registration"), covering "fish and fish products, namely, canned fish, fish pate and fish paste" in Class 29. A true and correct copy of the certificate of registration is attached hereto as <u>Exhibit</u> <u>A</u>.

13. The '448 Registration is valid and subsisting. The registration is incontestable under Section 15 and Section 33(b) of the Lanham Act, 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b), respectively.

14. The '448 Registration constitutes conclusive evidence of the validity of the registration of the mark, Purse Seine's ownership of the same, and Purse Seine's exclusive right to use the mark in commerce in connection with the associated goods.

15. In addition to the '448 Registration, Purse Seine has obtained three additional trademark registrations for stylized versions of the Bela® Mark.

16. Purse Seine has spent considerable sums of money and effort developing its valuable trademark rights in the Bela® Mark, which has resulted in strong, positive awareness of the mark throughout the United States. Accordingly, the Bela® Mark is a valuable commercial assets.

**Defendant's Adoption of a Confusingly Similar Designation for Identical Products**

17. Purse Seine and StarKist both sell fish and fish products, including canned tuna fish.

18. Notwithstanding Purse Seine's longstanding rights in and to the Bela® Mark, and its federal trademark registration for the same, on or about 2016, StarKist began offering for sale canned tuna fish under the designation "Bella Portofino" (the "Accused Mark").

19. The Accused Mark is similar in sight, sound, meaning and commercial impression as the Bela® Mark.

20. Additionally, StarKist uses the Accused Mark in the same channels of trade as Purse Seine uses the Bela® Mark.

21. The goods offered by StarKist in connection with the Accused Mark are identical, canned tuna fish, to those offered by Purse Seine under the Bela® Mark.

22. As a result of StarKist's unauthorized use of the confusingly similar Accused Mark, Purse Seine has been damaged thereby. It has no adequate remedy at law.

# COUNT I
## Federal Trademark Infringement
### (Violation of 15 U.S.C. § 1114, *et seq.*)

23. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

24. Purse Seine is the owner of the '448 Registration federal trademark registration for the Bela® Mark, which is incontestable.

25. Defendant is advertising and marketing its competing tuna fish products using a designation that is confusingly similar to the Bela® Mark.

26. Through its use of the Accused Mark in commerce, Defendant has infringed and continues to infringe Plaintiff's rights in its Bela® Mark, so as to create a likelihood of confusion, or to cause mistake, or to deceive the public as to the nature, source and sponsorship of Defendant's goods.

27. The unauthorized acts of Defendant in advertising and promoting goods as alleged above constitutes infringement of Purse Seine's federally registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114 *et seq.*, to the substantial and irreparable injury Purse Seine's business reputation and goodwill.

28. The unauthorized acts of Defendant in advertising and promoting goods as alleged above were commenced and continue in spite of its actual and/or constructive knowledge of Plaintiff's rights in the Bela® Mark and Defendant's knowledge that such activity was and is in direct contravention of Plaintiff's rights.

29. Defendant's aforesaid acts have been knowing, deliberate, willful and are in disregard of Plaintiff's rights

30. Unless Defendant is enjoined from engaging in such unlawful conduct, Plaintiff will continue to suffer irreparable harm and monetary damages and there remains likelihood that the public will be misled and confused.

31. Plaintiff has been damaged thereby. It has no adequate remedy at law.

**COUNT II**
**Federal Unfair Competition and False Designation of Origin**
**(Violation of 15 U.S.C. § 1125(a), *et seq.*)**

32. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

33. The aforesaid acts of Defendant constitute the intentional use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading misrepresentations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association with Plaintiff, or as to the origin, sponsorship or approval of Defendant's goods or other commercial activities by Plaintiff.

34. The aforesaid acts of Defendant constitute the use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that in commercial advertising or promotion, misrepresent the nature, characteristics or qualities of Defendant's goods or other commercial activities.

35. The aforesaid acts of Defendant constitute false designation of origin, false and misleading descriptions and representations and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Defendant knows, or reasonably should know, that its conduct is likely to mislead the public.

37. Defendant's aforesaid acts have been knowing, deliberate, willful, intended to cause mistake or to deceive, and are in disregard of Plaintiff's rights

38. The aforesaid acts of Defendant have caused, and are causing, great and irreparable harm and damage to Plaintiff and, unless permanently restrained by this Court, said irreparable injury will continue.

39. Plaintiff has been damaged thereby. It has no adequate remedy at law.

## COUNT III
### (Common Law Unfair Competition)

40. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

41. Defendant's aforesaid acts are a violation and in derogation of Plaintiff's common law rights and are likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship or quality of Defendant's goods.

42. Defendant's aforesaid acts are causing loss, damage and injury to Plaintiff and to consumers and the public.

43. Defendant knows, or reasonably should know, that its conduct is likely to mislead the public.

44. Defendant's aforesaid acts have been knowing, deliberate, willful, intended to cause mistake or to deceive, and are in disregard of Plaintiff's rights.

45. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been and will be deprived of sales of products and services and has suffered a diminution of the value of its Bela® Mark.

46. The aforesaid acts of Defendant have caused and continue to cause irreparable harm and damage to Plaintiff and, unless permanently restrained by this Court, said irreparable injury will continue.

47. Plaintiff has been damaged thereby. It has no adequate remedy at law.

# DEMAND FOR RELIEF

WHEREFORE, Plaintiff, Purse Seine Holdings, LLC, respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant, StarKist, Co., and grant the following relief:

A. Compensatory damages sustained by Plaintiff as a result of StarKist's infringement and unfair competition, in an amount to be ascertained at trial;

B. A trebling of any and all relevant damages awarded, pursuant to 15 U.S.C. § 1117(a);

C. A temporary, preliminary and permanent injunction barring StarKist, and its officers, agents, servants, employees and all persons acting on StarKist's behalf, from engaging in any use of the Accused Mark, or any other name or mark confusingly similar to the Bela® Mark, either alone or in combination with other words or symbols, as a part of any trademark, service mark, trade name, corporate name, assumed name, domain name, web site, email address, or in any other manner in connection with fish and fish products;

D. An injunction ordering StarKist to deliver up for destruction all products, literature, signs, prints, advertising materials, catalogues, stationery and any other item bearing the Accused Mark, either alone or in combination with other words or symbols, in connection with StarKist's goods and/or services, pursuant to 15 U.S.C. § 1118;

E. An award of Plaintiff's attorneys' fees and costs; and

F. Such other and further relief that the Court may deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

                                              Respectfully submitted,

                                              Purse Seine Holdings, LLC,
                                              By Its Attorney,

                                              */s/ Craig M. Scott*
                                              Craig M. Scott, Esq. (# 556210)
                                              Hinckley, Allen & Snyder LLP
                                              28 State Street
                                              Boston, MA  02109
                                              (617) 345-9000 Phone
                                              (617) 345-9020 Fax
                                              cscott@hinckleyallen.com

Dated: June 27, 2017